IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAMBREE ONIBOKUN, | § § | |
| Plaintiff, | § § § § | |
| v. | § § | Cause No. 4:18-cv-667 |
| GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § § § | A Jury is Demanded |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, SHAMBREE ONIBOKUN, by and through her undersigned counsel, hereby files this Original Complaint and Jury Demand and alleges.

Plaintiff brings this action against the GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, (GCCISD), Defendant, under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA") and for Breach of Contract.

1. Plaintiff SHAMBREE ONIBOKUN, was an "employee" of Defendant, as that term is defined by the FLSA. Plaintiff, SHAMBREE ONIBOKUN resides in Magnolia, Texas.

2. Defendant, GCCISD is a school district formed and existing under the law of the State of Texas and is authorized to conduct business in the State of Texas and at all times material this complaint, operate in Harris County, Texas. Defendant was Plaintiff's "employer" as defined in 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1337 and 29 U.S.C. §216(b).

4. At all times pertinent to this Complaint, Defendant operated elementary schools and secondary schools and was, therefore, by definition an enterprise engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §§203(r) and 203(s).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within Harris County, Texas, and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

6. Plaintiff, SHAMBREE ONIBOKUN, worked for GCCISD from approximately May 4, 2017, to December 6, 2017, as a school resource police officer.

7. From approximately May 4, 2017, through June 30, 2017, Plaintiff was paid at the hourly rate of $24.56 per hour. Thereafter, from approximately July 1, 2017, through December 6, 2017, Plaintiff was paid at an hourly rate of $25.25.

8. While Plaintiff was paid some overtime, she was not paid all of the overtime owed to her under the FLSA. Specifically, Defendant docked Plaintiff one-half hour for meal breaks Plaintiff did not take for each day she worked. Defendant knew or should have known that Plaintiff did not normally take meal breaks during her working hours.

9. Plaintiff, SHAMBREE ONIBOKUN, performed duties including hall monitoring, investigations, security duties, and other duties related to the conduct of the students in the GCCISD.

10. Plaintiff, SHAMBREE ONIBOKUN's work required the she work in excess of forty hours in any given work week.

## ALLEGATIONS

11. During some or all of the workweeks of his tenure with the Defendant, Plaintiff has worked in excess of 40 hours per week.

12. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

13. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

14. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

15. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

16. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

17. Plaintiff does not generally have access to Defendant's records and will provide additional detail after Defendant has provided records or initial disclosures have been made, if necessary.

18. At all times material to this Complaint, Defendant was the employer of the Plaintiff as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

19. Additionally, Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendant's business activities.

## COUNT I
### CAUSE OF ACTION: VIOLATION OF THE FLSA OVERTIME PROVISION

20. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

21. Throughout Plaintiff's employment with Defendant, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

22. During one or more workweeks of Plaintiff's employment with Defendant, Plaintiff has worked more than forty (40) hours per week.

23. The Defendant is obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

24. Defendant did not pay Plaintiff the overtime rate for hours worked over forty (40).

25. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

26. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

27. Plaintiff also seeks compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the law firm of Ross Law, P.C. to represent his in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff are entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

### **PRAYER FOR RELIEF**

Plaintiff demands Judgment against Defendant for the following:

a. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

b. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

d. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

e. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
### CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiff re-alleges and incorporates herein paragraphs 1-8, *supra*.

30. Pursuant to the terms of the Parties' employment contract, Plaintiff was to be paid at her regular hourly rate for all hours worked.

31. Defendant breached the Parties' agreement by not compensating Plaintiff for all of her hours worked at the appropriate agreed upon rate.

32. As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

33. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant for the following:

f. Awarding Plaintiff her unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

g. Awarding Plaintiff pre-judgment interest as provided by law,;

h. Awarding Plaintiff such other and further relief as the Court deems just

7

and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted, March 2, 2018.

                **ROSS LAW GROUP**

                _____
                **CHARLES L. SCALISE**
                Texas Bar No. 24064621
                Attorney-in-Charge
                **DANIEL B. ROSS**
                Texas Bar No. 00789810
                1104 San Antonio Street
                Austin, Texas 78701
                (512) 474-7677 Telephone
                (512) 474-5306 Facsimile
                Charles@rosslawgroup.com