IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAMBREE ONIBOKUN, § § *Plaintiff* § § vs. § **Civil Action No. 4:18-cv-667** § GOOSE CREEK § CONSOLIDATED § INDEPENDENT SCHOOL § DISTRICT § § *Defendant* § | |

**DEFENDANT GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant, Goose Creek Consolidated Independent School District ("District" or "GCCISD") Defendant, and files this it's Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint"), and would show the Court the following:

**I.
DEFENSES**

In asserting the following defenses, Defendant does not admit that the burden of proving the allegations or denials contained in the defenses is upon the Defendant, but, to the contrary, asserts that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, by asserting any defense, Defendant does not admit liability, but, to the contrary, specifically denies any and all allegations of liability in Plaintiff's Complaint. To the extent that Plaintiff's allegations have not been admitted expressly, strict proof of such claims is

respectfully demanded. All allegations of wrongdoing and all claims of entitlement to damages, including those sought in the prayer of Plaintiff's Complaint, are expressly denied. Without admitting liability as to any of Plaintiff's causes of action, and without waiving immunity, Defendants assert the following defenses:

1. Defendant GCCISD claims governmental immunity from suit and liability as to Plaintiff's breach of contract claim.

2. Defendant pleads that Plaintiff has failed to mitigate her damages, if any, as to the breach of contract claim.

3. Defendant pleads the defense of failure of consideration, as to Plaintiff's breach of contract claim.

4. Any amount due to Plaintiff, should be set-off by payments received from Defendant, specifically any payments made that did not constitute payments for hours worked, payments made on falsified or inflated hours, or work reports that were not later deducted from their wages, or otherwise repaid to Defendant.

5. To the extent that any of the Defendant's acts or omission be found unlawful under the FLSA, those actions were taken in good faith and based upon reasonable grounds for believing that the acts or omissions were not violations of the FLSA. Accordingly, Plaintiff is not entitled to recover liquidated damages under the FLSA.

6. Defendant reserves the right to assert additional defenses or affirmative defenses as they become apparent through the course of discovery. Without waiving the foregoing defenses, Defendant responds to the referenced paragraphs in Plaintiff's Complaint as follows:

**II.**

## ANSWER

1. Paragraph 1 of Plaintiff's Complaint is admitted.

2. Paragraph 2 of Plaintiff's Complaint is admitted.

3. As to paragraph 3, Defendant admits this Court has jurisdiction.

4. Paragraph 4 of Plaintiff's Complaint is admitted.

5. As to paragraph 5, Defendant admits venue is proper in the Houston Division of the Southern District of Texas.

6. Paragraph 6 of Plaintiff's Complaint is admitted.

7. As to paragraph 7, Defendant admits that Plaintiff was paid at the hourly rate of $24.56 per hour from approximately May 4, 2017 through June 30, 2017, yet denies the remainder of paragraph 7.

8. As to paragraph 8, Defendant admits Plaintiff was paid some overtime, yet denies the remainder of paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. As to paragraph 11, Defendant admits that Plaintiff worked in excess of 40 hours some weeks, but denies that she worked in excess of 40 hours every week or even most weeks.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. As to paragraph 14, Defendant denies knowledge of, or approving the overtime complained of herein. Further, being unaware of the overtime complained of herein. Defendant denies the work, if any was performed, was to its benefit.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Paragraph 17 does not require a response.

18. As to paragraph 18, Defendant admits it was Plaintiff's employer, Defendant denies the remainder of this paragraph.

19. Defendant denies the allegations in paragraph 19.

20. Paragraph 20 does not require a response.

21. Defendant denies the allegations in paragraph 21.

22. Defendant admits paragraph 22.

23. As to paragraph 23, Defendant denies that it is obligated to pay Plaintiff. However, to the extent this is an assertion of law, Defendant admits that one way to satisfy the Fair Labor Standards act is to compensate employees who work over 40 hours in any work week with one and one half the regular hourly rate Defendant denies that this is the only means to comply.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Paragraph 27 does not require a response, however to the extent a response is required, Defendant denies.

28. Defendant cannot admit or deny the allegations in paragraph 28 concerning the agreements between Plaintiff and her attorney. Defendant denies Plaintiff is entitled to collect attorney's fees from Defendant.

29. Paragraph 29 does not require a response, to the extent that a response is required, Defendant denies.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

## **PRAYER**

51. For these reasons, Defendant Goose Creek CISD asks the Court to do the following:

   a. Render judgment that Plaintiff take nothing;

   b. Dismiss Plaintiff's suit with prejudice;

   c. Assess costs against Plaintiff;

   d. Award Defendant Goose Creek CISD all other relief to which it is entitled.

Respectfully submitted,

WALSH GALLEGOS TREVIÑO RUSSO & KYLE P.C.
10375 Richmond Avenue, Suite 1357
Houston, Texas 77042
Telephone: (713) 789-6864
Facsimile: (713) 789-9318
Email: bhenshaw@wabsa.com


By: */s/ P. Blake Henshaw*
P. BLAKE HENSHAW
State Bar No. 24059925
Fed ID: 873050
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

  I hereby certify that on May 23, 2018, a true and correct copy of the foregoing document was served upon Plaintiffs as follows:

**VIA ELECTRONIC CASE FILING**
Charles L. Scalise
ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
ATTORNEY FOR PLAINTIFF

                */s/ P. Blake Henshaw*
                P. BLAKE HENSHAW